```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEPHANIE C. SHERWIN, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-8665 (JBS-AMD) |
| CAMDEN CITY; LUMINOSITY, INC.; KAREN TAYLOR; and DAVID OWENS, JR., | OPINION |
| Defendants. | |

APPEARANCES:

Stephanie C. Sherwin, Plaintiff Pro Se
758 Barlow Avenue
Woodbury, NJ 08096

**SIMANDLE, United States District Judge:**

  1.  Plaintiff Stephanie C. Sherwin seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Camden City ("the City"), Camden County ("the County"), Luminosity, Inc. ("Luminosity"), Karen Taylor ("Taylor"), and David Owens, Jr. ("Owens") for allegedly unconstitutional conditions of confinement. Complaint (ECF No. 1) at 1, 2.

  2.  28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

3. For the reasons set forth below, the Court will: (a) dismiss with prejudice Plaintiff's allegations of overcrowded conditions of confinement during the period September 13, 2010 – July 26, 2014; (b) dismiss without prejudice Plaintiff's allegations of overcrowded conditions of confinement during the period September 8-9, 2015; (c) dismiss without prejudice Plaintiff's allegations of unsanitary conditions of confinement; (d) dismiss with prejudice Plaintiff's allegations of inadequate medical care; (e) dismiss with prejudice Plaintiff's allegations of excessive force. 28 U.S.C. § 1915(e)(2)(b)(ii).

**Standard of Review**

4. To survive *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### Conditions Of Confinement Claim – Overcrowding: Dismissed With Prejudice As To 2010-2014 Incarcerations and Dismissed Without Prejudice As To 2015 Incarceration

5. Plaintiff alleges that she experienced overcrowding on the following dates while she was detained at Camden County Correctional Facility ("CCCF"): "09/08/2015 – 09/09/2015 (all day), 07/01/14 – 7/26/2014 (all day), 06/17/2013 – 07/17/13 (all day), 11/12/2010 – 11/13/2010 (all day), 09/13/2010 – 09/17/10 (all day)." (ECF No. 1 at § III(B).) The period September 13, 2010 – July 26, 2014 as it relates to claims in the Complaint is referred to in this Opinion as the "2010-2014 Incarcerations." The period September 8-9, 2015 as it relates to claims in the Complaint is referred to as the "2015 Incarceration."

6. The Complaint alleges: "Due to overcrowding, I had to sleep on the floor under the toilet . . . I was told to sleep on the floor with 3 other women in the cells." *Id*. § III(C) (referred to as Plaintiff's "Overcrowding Claim").

7. The Complaint alleges injuries of "depression[,] post tra[u]matic stress disorder, [and] anxiety" sustained by Plaintiff in connection with these events. *Id*. § IV.

8. With respect to requested relief, Plaintiff seeks $5,000 in "financial compensation for pain and suffering and violation of civil rights." *Id.* § V.

9. As to the 2010-2014 Incarcerations, allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff at the time of detention; Plaintiff's incarceration ended and the two-year period to file this suit began, at the latest, on July 26, 2014. The two-year statute of limitations[1] for Plaintiff's claims expired in July of 2016 at the latest, well before this Complaint was filed on November 21, 2016. (ECF No. 1.) Although the Court may toll, or extend, the statute of limitations in the interests of justice, tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her cause of action, there are no extraordinary circumstances that prevented her from filing the claim, and there is nothing to indicate she filed the claim on time but in the wrong forum. *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014). As more than two years have passed since Plaintiff's claims accrued, the

---

[1] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

Overcrowding Claim is barred and shall be dismissed with prejudice as to the 2010-2014 Incarcerations, meaning Plaintiff may not file an amended complaint concerning her incarcerations during the pre-July 2014 period. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

10. As to the 2015 Incarceration, Plaintiff's Complaint was not untimely but the Overcrowding Claim must be dismissed without prejudice because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred. 28 U.S.C. § 1915(e)(2)(b)(ii). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the

conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc. The Complaint has not alleged facts to support a reasonable inference that a constitutional violation of overcrowding has occurred with respect to the 2015 Incarceration in order to survive review under § 1915.

11. Furthermore, as to Overcrowding Claim against the City and the County with respect to the 2015 Incarceration, Plaintiff has not pled sufficient facts to impose liability on these defendants individually. "[A] municipality may be held liable [under § 1983] only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer."). Therefore, Plaintiff must plead facts showing that the relevant County and

6

City policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2] In other words, Plaintiff must set forth facts supporting an inference that the City and the County were each the "moving force" behind an alleged constitutional violation. *Monell*, 436 U.S. at 689. The Complaint has alleged no such facts here.

12. Similarly, as to Overcrowding Claim against Taylor and Owens with respect to the 2015 Incarceration, such claim must be dismissed without prejudice because the Complaint does "[not] allege[] any personal involvement by [these individual defendants] in any constitutional violation – a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[Plaintiff's] complaint contains no allegations regarding [the] [W]arden. 'Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the] [W]arden." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)).

13. Finally, as to Overcrowding Claim against Luminosity with respect to the 2015 Incarceration, such claim must be dismissed because the Complaint does not allege any facts whatsoever with respect to Luminosity's role, if any, in the overcrowded conditions at CCCF of which Plaintiff complains.

14. Plaintiff claims that she was incarcerated in CCCF, but she has not named the jail as a defendant in these proceedings. (ECF No. 1 at 1, 2, § III(A).) Nevertheless, this Court notes that CCCF is, in any event, not a "person" for purposes of actions under 42 U.S.C. § 1983; that is, CCCF is not a "state actor" within the meaning of § 1983.[3] *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under

---

[3] As noted above in this Opinion, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

§ 1983). Therefore, because CCCF is not a "person" within the meaning of § 1983, CCCF could not have been named as a defendant in this proceeding under that statute and any amendment to add CCCF as a defendant would be futile.

15. For all of the foregoing reasons, the Overcrowding Claim with respect to the 2015 Incarceration is dismissed without prejudice.

**Conditions Of Confinement Claim - Inadequate Medical Care: Dismissed With Prejudice**

16. Plaintiff alleges: "On 6/18/13 I was denied medication in 7-day lock[down] on 3 different occasions due to overcrowding and mixing up medication." (ECF No. 1 § III(C) (referred to as Plaintiff's "Inadequate Medical Care Claim").)

17. Allegedly unconstitutional conditions of confinement from inadequate medical care would have been immediately apparent to Plaintiff at the time of detention. *See Montanez*, 773 F.3d at 480.

18. Governed by New Jersey's limitations period for personal injury, civil rights claims under § 1983 must be brought within two years of the claim's accrual, as noted earlier in this Opinion. *Wilson*, 471 U.S. at 276 (1985); *Dique*, 603 F.3d at 185. Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based.

19. Therefore, the two-year statute of limitations for Plaintiff's Inadequate Medical Care Claim expired in June of 2015 at the latest, well before this Complaint was filed on November 21, 2016. (ECF No. 1.)

20. Although the Court may toll, or extend, the statute of limitations in the interests of justice, tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her cause of action, there are no extraordinary circumstances that prevented her from filing the claim, and there is nothing to indicate she filed the claim on time but in the wrong forum. *Omar*, 590 F. App'x at 166.

21. As more than two years have passed since Plaintiff's claims accrued, the Inadequate Medical Care Claim is dismissed with prejudice.

### Conditions Of Confinement Claim – Unsanitary Conditions: Dismissed Without Prejudice

22. Plaintiff alleges: "I was not giv[en] soap or toothpaste [o]n 9/8/2015. I had my period and was denied sanitary napkins. I bled on my Camden County Jail clothes and they would not give me new clothes or und[er]wear." (ECF No. 1 § III(C) (referred to as the "Unsanitary Conditions Claim".)

23. A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997).

24. Pursuant to the Fourteenth Amendment's Due Process Clause, prison officials must satisfy "basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). When a pretrial detainee complains about the conditions of her onfinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions "amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Id*. at 159-60 (citations omitted). The objective component of this unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious," and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

25. Here, Plaintiff has not alleged sufficient facts to satisfy either the objective or the subjective components of Fourteenth Amendment Due Process analysis.

26. As to the constitutional test's objective prong, Plaintiff has not offered any facts demonstrating how one day's

11

denial of soap, toothpaste, or sanitary napkins jeopardized her health or caused her injuries. While the Court agrees that the lack of these items for a day is unpleasant or even embarrassing, this does not rise to the level of a constitutional violation. The Complaint does not plausibly suggest that conditions as Plaintiff describes them were imposed as "punishment."

27. As to the constitutional test's subjective prong, Plaintiff has not alleged any facts whatsoever plausibly raising a reasonable inference that CCCF personnel were aware of, and disregarded, a substantial risk to Plaintiff's health and safety from the day's worth of unsanitary conditions she describes.

28. Accordingly, the Unsanitary Conditions Claim is dismissed without prejudice to filing an amended complaint if Plaintiff can cure these factual deficiencies.

### Excessive Force Claim: Dismissed With Prejudice

29. Plaintiff alleges: "On 6/18/2013 Correctional Officer Stephanie Aytch pushed me in my cell and started hitting me in my face and head because I kept asking for my medication because they kept skipping / forgetting to give me my medication." (ECF No. 1 § III(C) (referred to as the "Excessive Force Claim").)

30. Allegedly excessive use of force would have been immediately apparent to Plaintiff at the time of detention. *See Montanez*, 773 F.3d at 480.

31. Therefore, the two-year statute of limitations for Plaintiff's Excessive Force Claim under § 1983 expired in June of 2015 at the latest, well before this Complaint was filed on November 21, 2016. (ECF No. 1.) Furthermore, tolling of the limitations period is not warranted here, for all of the reasons expressed earlier in this Opinion. The 2013 Excessive Force Claim is therefore time-barred and must be dismissed with prejudice.

## **Conclusion**

32. As to the 2015 Incarceration, Plaintiff may be able to amend the Complaint's Overcrowding Claim and Unsanitary Conditions Claim to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

33. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable

---

[4] The amended complaint shall be subject to screening prior to service.

inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[5]

34. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

35. For the reasons stated above, and pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), the Complaint is:

    a. Dismissed with prejudice for failure to state a claim as to allegations of unconstitutionally overcrowded

---

[5] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to November 21, 2014, those claims are barred by the statute of limitations. In the event Plaintiff elects to file an amended complaint with respect to her Overcrowding Claim and/or Unsanitary Conditions Claim, it should be limited to confinements in which Plaintiff was released after November 21, 2014.

conditions of confinement during the period September 13, 2010 - July 26, 2014;

    b. Dismissed without prejudice for failure to state a claim as to allegations of unconstitutionally overcrowded conditions of confinement during the period September 8-9, 2015;

    c. Dismissed without prejudice for failure to state a claim as to allegations of unsanitary conditions of confinement;

    d. Dismissed with prejudice for failure to state a claim as to allegations of inadequate medical care occurring in 2013; and

    e. Dismissed with prejudice for failure to state a claim as to allegations of excessive force occurring in 2013.

An appropriate order follows.

**May 24, 2018**        **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
      United States District Judge